■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GAINES, Appellant.—Judgment of the County Court, Westchester County, rendered March 15, 1974, affirmed (People v Jefferson, 46 AD2d 1014). Rabin, Acting P. J., Martuscello, Cohalan, Christ and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY PENNINGTON, Appellant.—Judgment of the Supreme Court, Queens County, rendered May 29, 1975 on resentence, affirmed. In our view, there is no merit to defendant's claim that the judgment of resentence should be reversed because the sentencing court refused to order an updated probation report which might reflect his rehabilitation and his transfer to a minimum security prison. Nor do we see any merit to his claim that the sentencing court should have granted an adjournment for the purpose of allowing defendant's counsel an opportunity to prepare a presentence memorandum. Latham, Acting P. J., Margett, Christ, Brennan and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO PERDIZ, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered June 24, 1975 upon resentence, convicting him of attempted robbery in the first degree, upon his plea of guilty, and sentencing him to an indeterminate prison term of not more than four years, to run consecutively to a 10-year Federal sentence imposed on August 26, 1971. Judgment modified, as a matter of discretion in the interest of justice, by reducing the term of imprisonment to a maximum of two years, to run consecutively to the above-mentioned Federal sentence. As so modified, judgment affirmed. The indeterminate consecutive term of not more than four years does not comport with the apparent intent of the original sentencing court (on September 2, 1971). Rabin, Acting P. J., Martuscello, Cohalan, Christ and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELLO SEALY, Appellant.—Judgment of the Supreme Court, Kings County, rendered November 21, 1973, affirmed. The record sufficiently establishes defendant's guilt beyond a reasonable doubt. The question of the credibility of the witnesses was for the jury and there is no basis for interfering with its verdict. Martuscello, Acting P. J., Cohalan, Brennan, Munder and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH ALAN KAPLAN, on Behalf of ROLAND COLLINS, Also Known as RONALD JACKSON Appellant, v DRUG ABUSE CONTROL COMMISSION, Respondent.—In a habeas corpus proceeding, petitioner appeals from a judgment of the County Court, Westchester County, entered May 15, 1975, which denied the writ and a motion for summary judgment. Judgment affirmed, without costs. Each ground for relief stated by petitioner either failed to overcome the presumption of regularity of the challenged proceeding or was insufficient. Rabin, Acting P. J., Hopkins, Latham, Christ and Brennan, JJ., concur.