■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CECIL HARRIS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Richmond County, rendered November 26, 1974, convicting him of bail jumping in the first and second degrees, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant stands convicted of bail jumping in the first and second degrees (Penal Law, §§ 215.56, 215.57), arising out of his failure to personally appear, as required, in the Criminal Court, in connection with certain pending felony and misdemeanor charges. Upon his trial, defendant raised the affirmative defense that his failure to appear was unavoidable and due to circumstances beyond his control (see Penal Law, § 215.59). He now claims that his right to due process was violated under the doctrine of *Mullaney v Wilbur* (421 US 684), when he was affirmatively required to prove, by the preponderance of the evidence, that his nonappearance was neither voluntary nor willful. We find this claim to be without merit. In *Mullaney,* the Supreme Court held unconstitutional so much of a Maine statute as required a defendant charged with murder to prove that he acted "in the heat of passion on sudden provocation" (p 703), in order to reduce the homicide to manslaughter. The Supreme Court held that the Maine rule did not comport with the due process requirement, as defined in *Matter of Winship* (397 US 358), that the prosecution prove beyond a reasonable doubt every fact necessary to constitute the crime charged. In *People v Patterson* (39 NY2d 288), our Court of Appeals held that the rule enunciated in *Mullaney* was retroactive and that the failure to object upon the trial to the charging of the affirmative defense did not waive the objection. On the merits of the claim before it, the Court of Appeals interpreted *Mullaney* to apply only where the defendant was required to carry the burden of proof on an element of the crime with which he was charged. The *Patterson* dissenters would have applied it, as well, to any situation where the absence of a certain factor, though not an express element of the crime, is nevertheless the sole factor upon which the degree of the crime turns. In our view, the bail jumping affirmative defense does not fall within either proscription. As presently defined, failure to appear in court, as required, is a crime whether or not the defendant had intended to appear. In other words, the crime does not require a culpable mental state. The affirmative defense, alleging that the absence was unavoidable and due to circumstances beyond the defendant's control, is solely concerned with the reasons for the defendant's physical absence from court, and in terms similarly unconcerned with his state of mind or intent. Thus, the defense is in the nature of a confession and avoidance, with no burden on the defendant to establish or negate an essential element of the crime, and is outside the purview of the *Mullaney* rule (see *People v Patterson, supra,* pp 302–303; *People v Laietta,* 30 NY2d 68, 75, cert den 407 US 923). Nor is a culpable mental state relevant in any way in distinguishing between the crimes of bail jumping in the first degree and bail jumping in the second degree. The first degree crime is limited to bail jumping on a pending felony charge; the second degree crime covers any pending "criminal action or proceeding". We further note that even if bail jumping should be construed as a crime involving mental culpability (see Penal Law, § 15.15, subd 2;

former Penal Law, § 1694-a), although an intentional failure to appear may, of course, be inferred from the established facts, the defendant would still not be required to affirmatively prove that he had intended to appear all along, but only that his conduct was due to circumstances beyond his control. We have examined defendant's other claims upon appeal and find them without merit. Bail jumping in the second degree is not, for example, a lesser included crime of bail jumping in the first degree under the facts at bar. The second degree crime, as charged to the jury, was tied exclusively to the existence of a pending misdemeanor charge in the Criminal Court. The first degree crime was tied to a pending felony charge in the same court. Hence, although the counts were concurrent, they were noninclusory. Hopkins, Acting P. J., Martuscello, Latham, Rabin and Hawkins, JJ., concur.