■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDWARD LATTANZIO, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County, dated November 7, 1975, which, after a hearing, granted a motion to controvert a search warrant and suppress physical evidence seized pursuant thereto. Order reversed, on the law, and motion denied. There are no controverted questions of fact. The affidavit was sufficient to establish probable cause and, consequently, the warrant was valid, the search lawful, and the evidence seized admissible (see *Aguilar v Texas,* 378 US 108; *People v Hendricks,* 25 NY2d 129). Martuscello, Acting P. J., Latham, Hawkins and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANASTASIOS MANITARAS, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered October 23, 1975, convicting him of bail jumping in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Defendant's contention that he should have been permitted to answer questions concerning his state of mind when he left the jurisdiction while on trial, is without merit. Defendant's intent is immaterial as to the crime of bail jumping and as to its affirmative defense (see Penal Law, §§ 215.57, 215.59; *People v Harris,* 54 AD2d 739). We have considered defendant's other contentions and find them to be without merit. Martuscello, Acting P. J., Latham, Hawkins and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS SHAVELL, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the County Court, Nassau County, imposed May 25, 1976, upon his conviction of assault in the first degree, upon his plea of guilty, the sentence being an indeterminate term of imprisonment with a maximum of 15 years. Sentence modified, as a matter of discretion in the interest of justice, by reducing it to an indeterminate period of imprisonment with a maximum of seven years. As so modified, sentence affirmed. The sentence was excessive to the extent indicated herein. Damiani, Acting P. J., Shapiro and O'Connor, JJ., concur; Rabin and Titone, JJ., dissent and vote to affirm the sentence.