◼ In the Matter of VOERG LINCOLN-MERCURY, INC., Petitioner, v JAMES P. MELTON, as Commissioner of the Department of Motor Vehicles, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review respondent's determination suspending petitioner's dealer registration for five days. Petitioner is a domestic corporation engaged in the retail sale of automobiles pursuant to a registration issued by the Department of Motor Vehicles. In November, 1972 one Stephen Craft purchased a 1969 Pontiac automobile from petitioner. When the vehicle was delivered, the odometer reading was 29,464 miles. Mr. Craft drove the car for two years and though satisfied with its performance he was aware that the odometer was not registering mileage. In October, 1974 Craft returned the car to petitioner and negotiated for the purchase of another used car with the same salesman who had sold him the vehicle two years earlier. During negotiations the salesman asked Craft how many miles were "on the car". Craft replied, "it was the same as when I bought it". Subsequent to the purchase by Craft of another car petitioner sold the 1969 Pontiac at a used car auction allegedly in violation of section 415 (subd 9, pars c, d) of the Vehicle and Traffic Law and the provisions of the regulations of the Commissioner of Motor Vehicles (15 NYCRR 78.11 [a] [12]; 78.25 [a] [1]; 78.25 [b]) by failing to note on the certificate of sale "true mileage unknown", as well as the mileage on the odometer at the time of sale when he knew the mileage on the odometer was less than the vehicle actually traveled. After a hearing the referee found that petitioner had violated the regulations of the Commissioner of Motor Vehicles (15 NYCRR 78.11 *et seq.)* and suspended its registration for five days. The administrative appeals board sustained the referee's findings and the commissioner approved the recommendation of the board. Petitioner contends that since regulation 15 NYCRR 78.11 (a) (12) states, "If a dealer *knows* [emphasis supplied] that the mileage indicated on the odometer is less than the mileage actually traveled * * * the notation 'true mileage unknown' shall be placed on the certificate of sale in addition to the mileage shown on the odometer", the referee's finding that petitioner failed to make the notation when it knew or *"should have known"* (emphasis supplied) is an administrative rewriting of the regulation to include dealers with constructive notice of mileage discrepancies, a requirement not commanded either by the regulation 15 NYCRR 78.11 (a) (12) or by section 392-e of the General Business Law. The latter statute states that upon a transfer of ownership of a motor vehicle the seller shall enter upon any form prescribed by the Commissioner of Motor Vehicles, the notation " 'True mileage unknown' " if that fact is *known* to the seller. Section 392-e makes the failure of a seller to so act a misdemeanor if he *knows* the unreported fact. Since section 392-e of the General Business Law is in fact penal and the subject regulation imposing penalties of suspension or revocation of dealership registration is penal in nature,

requiring strict construction, it is helpful to ascertain the meaning of "known" or "knowingly" as defined by the Penal Law. Subdivision 2 of section 15.05 of the Penal Law, while only directly applicable to the provisions of that act, can, by analogy, lend understanding to regulations or statutes that impose penalties or criminality on violators. That section states that "a person acts knowingly with respect to conduct * * * described by a statute defining an offense when he is *aware* (emphasis supplied) that his conduct is of such nature." Clearly, actual rather than constructive knowledge is a requisite element of proof under the Penal Law and, we hold, equally required to be established before imposition of penalties under the subject regulation herein. While we agree that administrative interpretation of rules promulgated in response to statutory delegation (Vehicle and Traffic Law, § 415, subd 9, par d) is entitled to weight *(Matter of Howard v Wyman,* 28 NY2d 434, 438), such interpretation must be rejected if it clearly is at variance with the meaning of the rule or regulation being applied. The regulation involved herein (15 NYCRR 78.11 *et seq.),* in our view, requires that odometer discrepancy be measured against the actual knowledge of the dealer that the instrument does not reflect the true mileage traveled. Therefore, since we cannot ascertain from the referee's findings whether his approved conclusion rests on actual or constructive knowledge of the petitioner, the matter must be remitted. Determination annulled, without costs, and matter remitted for further proceedings not inconsistent herewith. Sweeney, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.