OPINION OF THE COURT
Memorandum.
After a hearing and pursuant to section 415 of the Vehicle and Traffic Law (see subd 9, par d), the Commissioner of Motor Vehicles suspended the dealer registration of petitioner for a violation of section 78.11 (a) (12) of the regulations (15 NYCRR 78.11 [a] [12]) of said commissioner. This regulation requires, in respect to 1972 or older model year vehicles (see Vehicle and Traffic Law, § 2102, subd [a], par [10]), that the dealer must place on the certificate of sale the mileage the motor vehicle purports to have been operated as appears upon the vehicle’s odometer and that, if the dealer knows that the mileage indicated on the odometer is less than the mileage actually traveled by the motor vehicle, the notation "true mileage unknown” shall be placed on the certificate of sale in addition to the mileage shown on the odometer.
There was proof that in or about November, 1972 petitioner sold a used 1969 Pontiac automobile to Stephen Craft and then in October, 1974 repurchased from him the same vehicle. Craft dealt with the same salesman in both transactions and, during the repurchase negotiations, the salesman asked for the mileage on the car and Craft replied that it was "the same as it was when I bought it.” On November 7, 1974 petitioner sold the vehicle to Taconic Motors Corporation pursuant to a certificate of sale listing the present odometer reading as 29,464 and without indication that the true mileage was unknown. An examination of records at petitioner’s premises revealed that the 1972 certificate of sale from petitioner to Craft listed the odometer reading at 29,465 and there was received in evidence an odometer mileage statement in respect to the 1974 repurchase in which Craft listed the mileage as 29,464.
The knowledge of petitioner’s salesman, acquired at the time of resale of the vehicle by Craft to petitioner and indicating that the mileage registered must have been less than that actually traveled, was attributable to petitioner (see 200 East End Ave. Corp. v General Elec. Co., 5 AD2d 415, affd 6 NY2d *729 731). To rule otherwise would render the regulation nugatory and lead to deception (see People ex rel. Price v Sheffield Farms Co., 225 NY 25, 29-30). Undue emphasis should not be placed on the words employed by the hearing examiner in making his recommendation. Since there was substantial evidence indicating that the dealer knew, by knowledge imputable to him, that the mileage indicated was less than that actually traveled, thus supporting the commissioner’s determination, and since there is no warrant for a disturbance of the punishment imposed (Matter of Pell v Board of Educ., 34 NY2d 222, 230, 233), the order of the Appellate Division should be reversed, with costs, and the determination of the commissioner reinstated.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order reversed, etc.