■  In the Matter of METROLAND MOTORS, INC., Petitioner, v JAMES P. MELTON, as Commissioner of Motor Vehicles, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County), to review a determination of the Commissioner of Motor Vehicles which suspended the petitioner's dealer's registration license. At a hearing before a referee, at which the petitioner was represented by counsel, testimony was taken from a complainant, employees of the petitioner and a Motor Vehicle Department investigator. The referee found that petitioner, Metroland Motors, Inc., was aware of the fact that the 105 miles registered on the odometer on a certain vehicle was not a true reflection of the use of the vehicle and that the petitioner had failed to advise the purchaser of the true mileage or of "true mileage unknown" on the MV 50 certificate of sale which was issued with the sale (15 NYCRR 78.11). The dealer's license was suspended for 30 days. This determination was affirmed by the Administrative Appeals Board of the Department of Motor Vehicles, but the board recommended that the suspension be reduced from 30 to 10 days. The commissioner approved the recommendation of the board, and ordered a suspension of the petitioner dealer's license for a period of 10 days. This proceeding ensued. The issue before this court is whether the determination of the commissioner is supported by substantial evidence (CPLR 7803, subd 4; *Matter of Stork Rest.*

v *Boland,* 282 NY 256). The purchaser testified that he agreed to purchase a demonstrator Jeep vehicle from the petitioner, through its salesman, and was informed that it had about 2,000 miles on it. After the parties had agreed on a price, the salesman advised the purchaser that the Jeep only had 105 miles on it and that additional money would be required because of the variance in mileage. The motor vehicle investigator testified that he had examined the vehicle when the odometer indicated around 300 miles, but that the vehicle's condition indicated greater mileage. Other testimony in the record supported the view that the Jeep had mileage far in excess of the 105 miles set on the odometer. The testimony of the employees of the petitioner indicated that they alone had driven the Jeep much more than 105 miles. This record provides substantial evidence to support the determination of the commissioner *(Matter of Voerg Lincoln-Mercury v Melton,* 43 NY2d 727). The findings of the hearing officer are not inconsistent with a reading of the regulations in question nor is the suspension harsh or excessive *(Matter of Pell v Board of Educ.,* 34 NY2d 222). Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Staley, Jr., Larkin and Mikoll, JJ., concur.