■ The People of the State of New York, Respondent, v Lamont Birden, Appellant: — Judgment unanimously affirmed. Memorandum: On May 19, 1980 defendant, free on bail during the course of his trial for robbery, first degree, left the jurisdiction. When he failed to appear on May 20, 1980 the court forfeited his bail, issued a Bench warrant for his arrest and, after a week had passed without defendant's return, continued the trial without him to a judgment of conviction. Defendant was subsequently indicted and convicted of bail jumping, first degree (Penal Law, § 215.57) and he appeals that bail jumping conviction contending that on May 20 he was in jail in New Jersey charged with disorderly conduct and consequently his failure to appear was due to circumstances beyond his control (see Penal Law, § 215.59). The People contend otherwise pointing to defendant's unexplained reason for leaving New York during the trial and their evidence which established that the New Jersey officials had agreed on May 20 to dismiss the disorderly conduct charges if defendant would waive extradition and return to Syracuse. Defendant refused to waive but the charges were eventually dismissed some months later. To convict defendant the People had the burden of proving beyond a reasonable doubt that he had been released on bail after being charged with a felony and that he failed to appear personally on a required date and within 30 days thereafter. They did so. By way of affirmative defense, defendant undertook to establish by a preponderance of the evidence that his failure to appear was unavoidable (Penal Law, § 25.00, subd 2; § 215.59, subd 1). He did not testify in his own defense but his lawyer did and stated that he knew within the 30-day period that the New Jersey charges could be dismissed if defendant waived extradition and that defendant had been advised of it also. He maintained, nevertheless, that defendant had a right to insist on an extradition hearing and stated that he had advised him to do so. Counsel testified that defendant's reason for refusing to waive was that he wanted to defend the disorderly conduct charges on the merits. This was a matter beyond his control, however. The New Jersey authorities could withdraw these charges at any time, they offered to do so on May 20 and, in fact, eventually did dismiss the charges without a trial. In assessing the evidence the jury could properly consider also that the limited purposes of the extradition hearing were to establish the identity of the person sought and that he was in New York at the time of the crime (see CPL 570.08; *Michigan v Doran*, 439 US 282; *People ex rel. Higley v Millspaw*, 281 NY 441). In this respect the jurors knew defendant had been indicted for the robbery and was in fact on trial when he left the State, and

these facts undoubtedly suggested to them that there was little merit to defendant's demand for an extradition hearing. In short, defendant was able to return to Syracuse within the 30-day period by waiving extradition without prejudice to himself, and the jury could find accordingly that he failed to establish his claim that unavoidable circumstances prevented him from doing so. We have considered defendant's other points on appeal and find no merit to them. (Appeal from judgment of Onondaga County Court, Cunningham, J. — bail jumping, first degree.) Present — Simons, J. P., Hancock, Jr., Callahan, Denman and Moule, JJ.