OPINION OF THE COURT
P. Keely Costello, J.
Defendant, Albert J. Hosier, has been charged with a violation of section 190.20 of the Penal Law (false advertising) and subdivision 2 of section 392-e of the General Business Law (altering mileage registering device). On Harch 9,1984, he moved to dismiss the latter information, pursuant to CPL 170.35 and 100.15, on the ground that said information fails on its face to allege the commission of a crime.
Subdivision 2 of section 392-e of the General Business Law provides as follows: “A person, firm, partnership, or corporation who shall misrepresent the mileage of a motor vehicle to a transferee by the execution and delivery of the written statement required in the preceding paragraph hereof and which in fact is false, or who shall misrepresent such mileage to a transferee by disconnection, changing, or causing to be disconnected or changed any mileage registering device on a motor vehicle so as to thereby indicate a lesser mileage than such motor vehicle has actually travelled, shall be guilty of a misdemeanor.”
Defendant claims that inasmuch as there was no sale, gift, or other transfer of the motor vehicle in question, and since no transfer is, in fact, alleged in either the accusatory instrument or the supporting depositions of Peter H. Beck-horn and Charles J. Hurman, the charge against the *209 defendant alleging a violation of section 392-e of the General Business Law must necessarily fall. In support of his argument, defendant cites both section 13-109 of the General Obligations Law, as well as Black’s Law Dictionary, which defines the term “transfer” as including a sale, assignment, conveyance, deed, or gift, and which further defines a “transferee” as a person to whom a transfer is made.
It is well-settled law that section 392-e of the General Business Law is penal, and like all criminal statutes, must be strictly construed (Matter of Voerg Lincoln-Mercury v Melton, 55 AD2d 986). Accordingly, as a condition precedent to any violation of section 392-e of the General Business Law, the transfer of ownership of a motor vehicle (and not merely an attempted transfer of such motor vehicle) must necessarily have occurred. Only after this transfer has taken place can the other elements of section 392-e of the General Business Law, such as whether the mileage on the motor vehicle was misrepresented and understated by the disconnection or changing of any mileage registering device, be considered.
Inasmuch as there is no allegation in either the accusatory instrument, or in the two supporting depositions, that any transfer of ownership of a motor vehicle occurred, the condition precedent has not been satisfied, and the information fails to state an offense. Accordingly, defendant’s motion to dismiss this charge is granted.