■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON WHITE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment, after a jury trial, convicting him of bail jumping, first degree (Penal Law § 215.57). He was released on bail following a plea of guilty to a reduced charge of attempted robbery. According to the plea bargain, he was to be sentenced as a second felony offender to a term of imprisonment having a maximum of six years and a minimum of three years. On November 4, 1981, in the presence of defendant's counsel, the date for sentencing was set for November 23, 1981. Although defendant's counsel appeared on that date, defendant did not do so then or for 30 days thereafter. A bench warrant was issued, and defendant was arrested in Syracuse on March 15, 1982. On review of the

record we find sufficient evidence to establish all of the material elements of bail jumping, first degree.

Defendant argues on appeal, among other things, that the People had the burden of establishing that defendant committed the crime "knowingly", as the term is defined in Penal Law § 15.05 (2) and that because it was not shown that defendant had been personally apprised of the sentencing date, there was a failure of proof on this point (see, Matter of Voerg Lincoln-Mercury v Melton, 55 AD2d 986, 987, revd on other grounds 43 NY2d 727). We disagree. The authorities hold that the crime of bail jumping does not require proof of any culpable mental state (see, People v De Rigo, 66 AD2d 919; People v Manitaras, 55 AD2d 629; People v Harris, 54 AD2d 739; Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 215.56, p 536). Defendant's culpable mental state, thus, was not in issue and proof offered as bearing on that issue pertaining to defendant's presence in court on November 4, 1981 and whether he had been told of the sentencing date was irrelevant (see, People v Davis, 168 Misc 511, 514, 515, applying predecessor statute; 33 NY Jur 2d, Criminal Law, § 1415, at 316). Objections to questions designed to elicit proof on the point were properly sustained.

Although the court refused to require proof of defendant's culpable mental state (Penal Law § 15.05 [2]), it did charge, over the People's objection, that it was necessary to establish defendant's "awareness" of the scheduled sentencing date. This requirement of the court's charge, we hold, was sufficiently established. There was overwhelming evidence that defendant had constructive knowledge of the adjourned sentencing date. The date was entered in the official court records. It was uncontradicted that defendant's counsel, who was present in court on November 4 and November 23, 1981, had knowledge of the sentencing date set for his client (see, People ex rel. Knowles v Smith, 54 NY2d 259, 266, to the effect that "the general rule is that when a litigant appears by an attorney, notice to the attorney will serve as notice to a client"; and see, Matter of Voerg Lincoln-Mercury v Melton, supra).

The court should have sustained objections to the Assistant District Attorney's improper argument that defendant had appeared in court on each occasion but the date for sentencing. There was no evidence in the record supporting such argument. Also, references in summation to defense counsel's failure to tell the jury what he told his client should have been stricken. The remarks were not sufficiently egregious to

require reversal, however (see, *People v Galloway*, 54 NY2d 396; *People v Roopchand*, 107 AD2d 35, *affd* 65 NY2d 837). Under all the circumstances and in the light of the strong evidence of guilt, the court's failure to strike the remarks was harmless (see, *People v Crimmins*, 36 NY2d 230).

We reject defendant's contention that there should be a reversal and a remand for resentencing because of the court's failure to order a new presentence investigation (CPL 390.20 [1]). The court had before it the presentence investigation which it had used two months before in sentencing defendant on the burglary charge. In the interim, defendant had been continuously confined, and the court could be assured on sentencing for the bail jumping that there was no new relevant information (see, *People v Halaby*, 77 AD2d 717, 718). Under these circumstances, it was not an abuse of discretion to dispense with a new report (see, *People v Phillips*, 90 AD2d 589, 590). *People v Bellis* (115 AD2d 237) is distinguishable. There, defendant was on probation and more than a year and a half had elapsed since the original presentence report.

We have examined defendant's other contentions and find no basis for reversal. (Appeal from judgment of Onondaga County Court, Cunningham, J.—bail jumping, first degree.) Present—Hancock, Jr., J. P., Callahan, Doerr, Pine and Schnepp, JJ.