■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK GELB, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered September 22, 1988, convicting him of unauthorized practice of a profession (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The record reveals that the defendant Jack Gelb was convicted of two counts of unauthorized practice of a profession (Education Law § 6512 [1]) arising from his performance of dental work upon two members of the same family on a single date in 1985. The defendant's license to practice dentistry previously had been surrendered pursuant to a criminal conviction of grand larceny in the second degree involving the fraudulent conversion of Medicaid funds.

Initially, we find unpersuasive the defendant's attack upon the adequacy of the People's proof. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

Similarly unavailing is the defendant's contention that the trial court's charge with respect to Education Law § 6610 (5) improperly shifted the burden of proof to him. Education Law § 6610 (5) sets forth an exemption from the licensing requirement where a dentist is licensed in another jurisdiction and merely makes a "teaching clinical demonstration" in New York or meets "licensed dentists in this state for consultation." Inasmuch as this exemption constitutes an affirmative defense, the defendant bears the burden of demonstrating that it is applicable (see, People v Varas, 110 AD2d 646), and the defendant's due process rights are not violated thereby, as he is not required to negate an essential element of the charged offense in proving that he qualifies for the exemption (see generally, People v Laietta, 30 NY2d 68, cert denied 407 US 923; People v Harris, 54 AD2d 739).

Furthermore, we reject the defendant's claim that he was denied a fair trial by certain comments made by the prosecutor during summation. To the extent that those remarks are preserved for appellate review, we find that they either consti-

tuted fair comment upon the evidence or were responsive to the defense counsel's suggestion during the closing argument that the prosecution's witnesses had fabricated their testimony. Finally, any questionable comments by either side during summations were met with prompt and forceful action by the court, thereby obviating any prejudice to the defendant (see, People v Galloway, 54 NY2d 396; People v Robinson, 137 AD2d 564).

Additionally, we note that Education Law § 6514 (3) expressly provides that proof of a violation requires evidence of "only a single prohibited act or a single holding out without proving a general course of conduct." Accordingly, the defendant's two distinct acts of practicing dentistry upon the two individuals herein permitted the imposition of consecutive sentences in this case under Penal Law § 70.25 (1) (see, People v Brathwaite, 63 NY2d 839).

Likewise, reduction of the sentences in the interest of justice is not warranted in this case, as the defendant committed the instant offenses shortly after his release from custody for his grand larceny conviction, and he has demonstrated no extraordinary circumstances warranting greater leniency than that which has already been provided to him (see, People v Suitte, 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Sullivan and Balletta, JJ., concur.