■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MCMILLIAN, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered April 4, 1989, convicting him of bail jumping in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.

The defendant was convicted of bail jumping in the first

degree in connection with his failure to appear during his trial in 1982 on an assault charge. The defendant failed to appear on July 21, 1982, and the court, following an inquiry, determined that the defendant was voluntarily absent. The trial was continued in his absence, and the defendant was ultimately convicted and sentenced. A warrant was issued for the defendant's arrest on July 21, 1982, and he was indicted in October 1982 on the bail jumping charge. The defendant was not arrested on the bail jumping charge until November 4, 1987.

We find that a reversal is required, in the interest of justice, because the court's charge to the jury precluded the defendant from establishing an affirmative defense under Penal Law § 215.59. In a prosecution for bail jumping, it is an affirmative defense that the defendant's failure to appear on the required date or within 30 days thereafter was unavoidable and due to circumstances beyond his control and further that, during the period between the expiration of the 30 days and the commencement of the action, his failure to appear was unavoidable and due to circumstances beyond his control. Here, the defendant attempted to establish that his failure to appear was due to his amnesia during the period in question.

A defense witness testified that she found the defendant beaten and bloody by the side of a road in Paterson, New Jersey in July 1982. She called an ambulance to take him to the hospital and agreed to be responsible for him, as he did not know who he was. The defendant thereafter lived with her until some time in September 1982, when he left to try to find out who he was. The defendant returned to live with her in 1985 and subsequently suffered a breakdown and was hospitalized in a psychiatric ward. The defendant told her that he had learned of his identity while in the hospital. The defendant's hospital records from 1985, which indicated that he suffered from schizophrenia, were admitted into evidence.

In charging the jury on the affirmative defense, the court stated that the date of the commencement of the action was November 4, 1987, when the defendant was arrested, rather than October 1982 when the defendant was indicted on the bail jumping charge. The People concede that this was error but contend that it was harmless. We disagree. The court's charge placed a burden on the defendant of establishing that his failure to appear was unavoidable for five years, rather than for the three-month period prior to his indictment. Although the jury might have credited the defense witness's testimony that the defendant suffered from amnesia during

the initial period that he lived with her, since there was evidence that the defendant knew his identity by 1985, the court's charge essentially prevented the jury from considering this affirmative defense.

We do not agree with the defendant's contention that he is entitled to a dismissal of the indictment because the People failed to disprove his defense of not responsible by reason of mental disease or defect beyond a reasonable doubt. In 1982, at the time the offense was allegedly committed, the burden was on the People to disprove the defense beyond a reasonable doubt. Therefore the amendment to the Penal Law in 1984, which made not responsible by reason of mental disease or defect an affirmative defense, did not apply to his trial *(see,* Penal Law § 40.15; L 1984, ch 668). Nevertheless, even under the former law, the prosecution enjoyed the presumption of sanity, and the defendant bore some burden of coming forward with credible evidence rebutting the presumption *(see, People v Kohl,* 72 NY2d 191; *People v Silver,* 33 NY2d 475). We decline to view amnesia as a mental disease or defect which fits the definition of mental disease or defect in Penal Law former § 30.05. Since the defendant failed to come forward with any credible evidence as to his mental condition in 1982, other than amnesia, we find that the People disproved his defense beyond a reasonable doubt. Furthermore, in view of the paucity of proof which would support such a defense, we find that the court's error in charging the defense under Penal Law § 40.15, rather than under the pre-1984 statute, was harmless. Proof of a mental defect may negate the specific intent required for a particular offense *(see, People v Segal,* 54 NY2d 58). However, this is not such a case. Bail jumping is a strict liability statute in that no proof of any culpable mental state is required *(see, e.g., People v White,* 115 AD2d 313; *People v De Rigo,* 66 AD2d 919; *People v Harris,* 54 AD2d 739).

In view of our decision, we need not address the defendant's remaining contentions. Thompson, J. P., Kunzeman, Miller and O'Brien, JJ., concur.