■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE KUEY, Appellant.—Appeal by the defendant from a resentence of the County Court, Suffolk County (Vaughn, J.), imposed February 7, 1990, upon his conviction of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, the resentence being concurrent terms of imprisonment of 12½ to 25 years, 7½ to 15 years, and 7½ to 15 years, respectively, as a second felony offender.

Ordered that the resentence is affirmed.

The defendant was convicted in 1987, upon a jury verdict, of the crimes of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree.

On May 11, 1987, after receipt of a presentence report *(see,* CPL 390.20), the defendant was sentenced by the County Court, Suffolk County (Vaughn, J.), on the attempted murder conviction, as an armed violent felony offender, to a term of 12½ to 25 years imprisonment. The County Court directed that the sentence imposed on the weapon conviction, i.e., 5 to 15 years, was to run consecutively to the sentences imposed on the attempted murder conviction, i.e., 12½ to 25 years imprisonment, and the assault conviction, i.e., 5 to 15 years imprisonment. The defendant has been incarcerated since that time.

On appeal, this Court, by decision and order dated November 3, 1989 *(People v Kuey,* 155 AD2d 481), modified the judgment by vacating the sentence imposed, and remitted the matter for resentencing. This Court held that (1) attempted murder in the second degree was not an armed violent felony

offense, and (2) the sentence imposed on the weapon count should have been concurrent to the other two sentences, and not consecutive to them. On February 7, 1990, the defendant appeared before the County Court, Suffolk County, and was resentenced, without the benefit of an updated presentence report.

On the instant appeal, the defendant argues, *inter alia,* that the resentence was unlawful, since it was imposed without the benefit of an updated presentence report. We disagree.

In *People v Pennington* (50 AD2d 609), where the defendant was continuously incarcerated during the two-year period between the original sentence and the resentence, this Court held that there was "no merit to defendant's claim that the judgment of resentence should be reversed because the sentencing court refused to order an updated probation report". In *People v White* (115 AD2d 313), the Appellate Division, Fourth Department held that when a defendant was "continuously confined" *(People v White, supra,* at 315) between the original sentence and the resentence, "it was not an abuse of discretion to dispense with a new report" *(People v White, supra,* at 315). The thrust of these decisions is that the use of an updated presentence report in these particular circumstances is discretionary and not mandatory.

To the extent that prior decisions of this Court hold to the contrary *(see, e.g., People v Sykes,* 150 AD2d 627), they are hereby overruled.

We have examined the defendant's remaining arguments, including those raised in his supplemental *pro se* brief, and find them to be without merit *(People v Hunt,* 162 AD2d 782, 783, *affd* 78 NY2d 932; *People v Arroyo,* 179 AD2d 393; *People v Elliott,* 99 Misc 2d 794). Mangano, P. J., Thompson, Rosenblatt and Copertino, JJ., concur.