■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS SANTANGELO, Appellant. [599 NYS2d 191] —Mahoney, J. Appeal from a judgment of the Supreme Court (Monserrate, J.), rendered September 7, 1990 in Broome County, upon a verdict convicting defendant of the crime of bail jumping in the second degree.

In 1988 defendant was indicted on one count of criminal possession of a forged instrument in the second degree and released on his own recognizance. When he failed to attend a scheduled court appearance in connection therewith, a bench warrant was issued. Defendant subsequently was located, arrested and then released on bail. While still out on bail, defendant attended an October 21, 1988 court appearance whereat he was advised that trial on the forgery charge would commence on November 29, 1988. When he failed to appear for trial, he subsequently was indicted for bail jumping in the second degree. Following trial on the bail jumping indictment, he was convicted as charged.

The gravamen of defendant's arguments on appeal is that in order to sustain a conviction on the bail jumping charge, the prosecution must prove that he intended not to appear for his

court date. Even setting aside the fact that this issue technically has been waived because not raised at trial, it is now well established that proof of a particular culpable mental state is not an element of bail jumping in the second degree *(see, People v Harris,* 54 AD2d 739; *cf., People v McMillian,* 174 AD2d 759; *People v White,* 115 AD2d 313; *People v De Rigo,* 66 AD2d 919). Accordingly, the prosecution's submission of evidence at trial demonstrating that defendant had been released on bail in connection with a pending felony charge, did not appear on the scheduled date or within 30 days thereafter even though informed of it at conference and in subsequent conversations with his counsel, completely satisfied its burden of proving all elements of the crime charged *(see, People v Harris, supra).* Moreover, because defendant presented no evidence that his failure to appear was unavoidable and due to circumstances beyond his control, circumstances which would constitute an affirmative defense to the charges *(see, People v McMillian, supra; People v Birden,* 86 AD2d 774; *People v Harris, supra),* we find the prosecution's evidence, as submitted, to be legally sufficient to support the conviction. Finally, upon exercise of our factual review power we find the verdict to be consistent with the weight of the evidence.

We have reviewed defendant's remaining contentions and find them to be without merit.

Weiss, P. J., Levine, Mercure and Casey, JJ., concur. Ordered that the judgment is affirmed.