THIRD DEPARTMENT, DECEMBER, 1998

(December 3, 1998)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY J. HALM, Appellant. [683 NYS2d 292] —Graffeo, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered May 3, 1996, upon a verdict convicting defendant of the crime of bail jumping in the second degree.

In August 1990, defendant was convicted of five counts of sodomy in the third degree but pursuant to an order of this Court, he was permitted to remain free on bail pending his appeal. After defendant's conviction was affirmed by the Court of Appeals, defendant was served by County Court with a notice to surrender at the Chemung County Courthouse to commence service of his sentence. Defendant, however, failed to appear and was charged with bail jumping in the second degree on April 1, 1993 and was arrested in Toronto, Canada, shortly thereafter. After unsuccessfully challenging extradition, defendant was transported to the City of Elmira, Chemung County, in December 1995. Following a jury trial in March 1996, defen-

dant was convicted of bail jumping in the second degree and sentenced as a second felony offender to 2 to 4 years in prison, to run consecutively with his prior sentence. Defendant now appeals.

We reject defendant's contention that the evidence at trial was legally insufficient to establish the offense charged. A review of the record reveals that defendant, having been released on bail, was personally served with a notice to surrender, issued February 25, 1993, pursuant to CPL 460.50. Investigator Michael Berry of the District Attorney's office testified that he recognized and served defendant at his residence on February 25, 1993 with a court order, entitled "Notice to Surrender" and bearing the signature of County Judge William A. Danaher, Jr., which order required defendant to surrender on March 1, 1993. Nevertheless, defendant fled the country and failed to appear when required. Based on the testimony presented, it was reasonable for the jury to conclude that defendant received adequate notice with respect to his obligation to return to County Court for the imposition of his sentence. The evidence adduced at trial was, therefore, legally sufficient to support the jury's verdict finding defendant guilty of bail jumping in the second degree (*see*, Penal Law § 215.56; *People v Santangelo*, 194 AD2d 924, *lv denied* 82 NY2d 726; *People v Harris*, 54 AD2d 739).

Defendant's assertion that the sentence imposed was excessive is without merit since the sentence was within the permissible statutory range and there is no indication that the sentencing court abused its discretion (*see*, *People v Parson*, 209 AD2d 882, *lv denied* 84 NY2d 1014; *People v Greco*, 187 AD2d 151, *lv denied* 81 NY2d 1073).

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.