OPINION OF THE COURT
Ira H. Margulis, J.
*256 Defendant, charged with bail jumping in the third degree (Penal Law § 215.55), moves to dismiss the charges pursuant to CPL 30.30 on the grounds that the People have failed to be ready within 90 days of his arraignment.
For the following reasons, defendant’s motion to dismiss the charges is denied.
The relevant facts in this case are not disputed.
Defendant is charged with bail jumping in the third degree (Penal Law § 215.55).
Defendant was charged with a misdemeanor filed in this court under docket No. 2005QN039234 which was pending in Part AP-5. During the course of that action (Aug. 25, 2005) defendant was released on his own recognizance. The matter was adjourned to October 6, 2005 and from that date to October 31, 2005.
Defendant failed to appear on October 31, 2005 (or within 30 days of that date) because he was in federal custody from October 5, 2005 to January 26, 2007. The People concede this fact, and, a priori, the fact that defendant could not have appeared in this court on October 31, 2005.
On April 10, 2007 the People filed the instant charges. Judge Harrington (a judge of this court) signed an arrest warrant. On May 7, 2007 defendant was arraigned on the above-referenced charge. The People stated they were ready and have stated they were ready on each subsequent date this matter was placed on the court’s calendar.
Defense counsel states he informed the People at defendant’s arraignment that defendant had been in federal custody on October 31, 2005 and further states that because the People were made aware of this fact, the facts alleged in the accusatory instrument do not show that defendant’s failure to appear on October 31, 2005 or within 30 days of that date was willful. Defendant argues that the facts alleged are therefore insufficient and that the People have never had a facially sufficient misdemeanor information on which they could proceed.
The People argue the contrary, stating they have maintained their readiness for the entire pendency of the action.
Discussion
The first issue is whether the accusatory instrument is facially sufficient.
It is axiomatic that a misdemeanor complaint must be sufficient on its face before it can be converted to an information *257 upon which the People can proceed, to trial (CPL 170.65 [1]; People v Dumas, 68 NY2d 729 [1986]) and must contain non-hearsay allegations which establish, if true, every element of the offense charged and the defendant’s commission thereof. (CPL 100.40 [1] [c]; People v Alejandro, 70 NY2d 133 [1987]; People v Casey, 95 NY2d 354, 360 [2000].) At the pleading stage, a misdemeanor information need only establish prima facie cause to believe the accused is guilty of the crime or charged crimes, which is a lower threshold than the burden of proof beyond a reasonable doubt required at trial. (People v Henderson, 92 NY2d 677, 680 [1999]; People v Allen, 92 NY2d 378, 385 [1998].)
Moreover, even where the legislature has provided a statutory affirmative defense to a criminal charge, as they have here in Penal Law § 215.59, the People are still only required to provide nonhearsay allegations supporting the charges and need not plead facts rebutting any of defendant’s potential defenses. (Penal Law § 25.00 [2]; § 215.59; see e.g. People v Harris, 54 AD2d 739, 739-740 [2d Dept 1976]; People v Santangelo, 194 AD2d 924, 925 [3d Dept 1993], Iv denied 82 NY2d 726 [1993].)
To sufficiently plead a violation of Penal Law § 215.55, the People must show that defendant “having been released from custody or allowed to remain at liberty in connection with a criminal charge . . . fail[ed] to appear in court on the required date or voluntarily within thirty days thereafter.” (People v Coppez, 93 NY2d 249, 250 [1999] [citations and internal quotation marks omitted]; Harris, supra.) The defendant’s culpable mental state is immaterial. (People v Manitaras, 55 AD2d 629 [2d Dept 1976].)
Here the People provided a nonhearsay allegation from an employee of the Queens County District Attorney’s office stating she examined a certified copy of a CRIMS printout showing defendant failed to appear in connection with the above-referenced matter on October 31, 2005 and that there is no record of his appearing within 30 days of that date. The People have also annexed a copy of the certified CRIMS printout. (Cf. People v Perez, 195 Misc 2d 171 [Crim Ct, NY County 2003].) Accordingly, the People have provided the requisite nonhearsay allegations to convert the accusatory instrument to a misdemeanor information.
Notwithstanding, regarding facial sufficiency, defendant argues that the charges as filed are defective because the People were aware defendant was in federal custody on October 31, *258 2005 and 30 days afterwards and that there was no way defendant could have appeared. While the court acknowledges this is a viable defense, the fact that a defense exists does not negate the fact that defendant did not appear on October 31, 2005 or within 30 days of that date. (See People v Prunty, 101 Misc 2d 163, 168 [Crim Ct, Queens County 1979] [“Where a bona fide defense or other evidence to weaken the People’s case exists, this is a matter that requires resolution at a trial rather than by way of a pretrial motion to dismiss”].) Defendant’s argument that the allegations are defective because he was unavailable when the crime accrued are therefore rejected — bail jumping is not a continuing crime and is completed on the thirtieth day after defendant fails to appear on a scheduled court date. (People v Landy, 125 AD2d 703, 704 [2d Dept 1986].)
The court finally notes that Penal Law § 215.59, in providing for an affirmative defense, provides:
“In any prosecution for bail jumping or failing to respond to an appearance ticket, it is an affirmative defense that:
“1. The defendant’s failure to appear on the required date or within thirty days thereafter was unavoidable and due to circumstances beyond his control; and
“2. During the period extending from the expiration of the thirty day period to the commencement of the action, the defendant either:
“(a) appeared voluntarily as soon as he was able to do so, or
“(b) although he did not so appear, such failure of appearance was unavoidable and due to circumstances beyond his control.” (Emphasis added.)
Hence, a fair reading of section 215.59 (2) (a) stands for the proposition that if a defendant, after being released on bail, could not appear in court for a pending matter on an adjourn date and within 30 days thereafter because he was in custody in another jurisdiction, it would be an affirmative defense for him to argue that, notwithstanding his inability to appear at the time the crime accrued, he did appear as soon as he could — in this case as soon as reasonably possible after his release date from federal custody. However, the gravamen of the crime is still defendant’s failure to appear on the thirty-first day after the adjourn date that gave rise to the bail jumping charge, and not his failure to appear “as soon as he was able to do so” as *259 provided by Penal Law § 215.59 (2) (a) as part of a statutory affirmative defense. To read Penal Law § 215.59 any other way would allow a defendant to profit from his being arrested for another crime and being incarcerated and would add an additional element to Penal Law § 215.55.
(Thus, contrary to defendant’s arguments, there was no need for the People to supercede the misdemeanor information after arraignment.)
Accordingly, defendant’s application to dismiss the charges on the grounds the People have not been ready to proceed on a facially sufficient instrument is denied.

Brady

The People are reminded of their continuing duty to supply all Brady material.
Reservation of Rights
The defendant’s application for an extension of time to file additional motions is denied subject to rights under CPL 255.20 (3) to move for further leave upon good cause shown.