JOINER, Judge.
Mark Anthony Beecham was convicted of first-degree bail jumping, see § 13A-10-39, Ala.Code 1975, and was sentenced to 10 years’ imprisonment.[1] We reverse the conviction and render a judgment for Beecham.
Beecham was arrested for and charged with first-degree rape, two counts of first-degree sodomy, and first-degree burglary.[2] Beecham was subsequently indicted on those charges — case numbers CC-2006-616, CC-2006-617, CC-2006-618, and CC-2006-619 (“original charges”) — and was released on bond. While on bond, Beecham was arrested on new charges, and the State filed a motion to revoke Beecham’s bond on his original charges.
On January 3, 2007, Beecham failed to appear at a court date on his original charges, which included a “docket call”[3] and a hearing on the State’s motion to revoke bond. (C. 64-92.) Beecham was then indicted by a Houston County grand jury on first-degree bail jumping, see § 13A-10-39, Ala.Code 1975. Specifically, Beecham was indicted as follows:
“The Grand Jury of said county charge that, before the finding of this indictment, Mark Anthony Beecham, whose name is otherwise unknown to the Grand Jury, having been released from custody with or without bail, upon condition that he subsequently appear on January 3rd, 2007, at Circuit Court, Do-than, Alabama, in connection with the charge of his having committed murder or a Class A or Class B felony, to wit, rape first degree, sodomy first degree, two counts, and burglary first, did fail to appear at such time and place in violation of Section 13A-10-39 of the Code of Alabama against the peace and dignity against the State of Alabama.”
(C. 6 (emphasis added).)
At trial, the State’s case-in-chief consisted exclusively of the testimony of Carla Woodall, the Houston County circuit clerk. Woodall, who testified that she was the official record keeper for the judicial system in Houston County, provided certified copies of the records related to Beecham’s original charges for the period beginning on the date of the indictment against Beec-ham and ending on the date the alias writ and forfeiture of bond were issued for Beecham. (R. 74-76.) Regarding these records, she testified as follows:
“Q. Now, do your records reflect, Ms. Woodall, that — and I think it’s probably encompassed in ... that case action summary, whether the defendant did appear either on January 3rd or January 8th or 11th or any other time before a warrant was issued on January 17th of 2007, for his failure to appear in court?
“A. Can I see one of those? Just one. Based upon the records, the case action summary reflects that there was a failure to appear and bond forfeited, *990 an alias unit ordered and no bond on January 3rd. And on the warrant that was issued, the defendant failed to appear for docket call/trial, bond revoked.”
(R. 75-77; emphasis added.)
On cross-examination, however, Woodall testified regarding the specificity of the admitted records:
“Q. Does this — does this say anywhere that a hearing will be held on a certain date for Mr. Beecham’s bond to be revoked?
“A. No.
“Q. Was there a hearing date set on his bond to be revoked?
“A. Not according to the records.
“Q. Now, let’s go back and explain to the ladies and gentlemen of the jury — I know you understand it. But help me understand it a little bit. The warrant was for failure to appear at docket call/trial. Correct? Is that what you just testified?
“A. Correct.
“Q. Okay. I don’t want to misstate anything. Does it say here — and just listen to my question, now. Does it say here that Mr. Brantley or Mr. Beecham was notified of the trial date or the docket call date of January the 3rd, 2007, in this entry anywhere?
“A. On the case action summary?
“Q. Does it say it here anywhere?
“A. No.
“Q. On what’s been admitted?
“A. No, not on the case action summary.
[[Image here]]
“Q. I understand. You’ll agree with me — or maybe you won’t. But is there — is this entry anywhere down here about a January 3rd, 2007, date on this piece of paper?
“A. Say that one more time.
“Q. Is this entry about notifying, down here for the January 3rd date, to notify?
“A. No.”
(R. 78-80; emphasis added.)
On redirect examination, the State attempted to address whether Beecham and his attorney, Tom Brantley, received notice of the January 3, 2007, court date. Woodall testified broadly that Beecham’s jury trial was set for sometime in January 2007 and that the docket call would have, as a matter of course, occurred the week before his trial was set to begin. (R. 83.) Woodall also generally testified that attorneys of record are given notice of docket calls and that the circuit court does not notify defendants directly when they are represented by counsel. (R. 82-83.) Woo-dall also explained that, generally, docket notices — such as one for the January 3, 2007, hearing date — are prepared and disseminated to attorneys in Houston County 30 days before the docket call, and that “the docket would have been copied and placed in Mr. Brantley’s attorney box to be picked up by Mr. Brantley.” (R. 81.)
At the close of the State’s case, Beecham moved the circuit court for a judgment of acquittal “based upon lack of a prima facie case being the elements of bail jumping, that the State has not proven a prima facie case of those elements.” (R. 86.) The circuit court denied the motion, and Beecham was eventually convicted. Beecham now appeals, arguing that the circuit court erroneously denied his motion for a judgment of acquittal. We agree. *991 Zumbado v. State, 615 So.2d 1228, 1241 (Ala.Crim.App.1993).
*990 “The issue of the sufficiency of the evidence is preserved for review by a defendant’s motion for a judgment of acquittal that is entered at the end of the state’s case, at the close of the evidence ..., or after the verdict is entered.”
*991 “ ‘ “The trial court’s denial of a motion for judgment of acquittal must be reviewed by determining whether there was legal evidence before the jury at the time the motion was made from which the jury by fair inference could find the defendant guilty. Thomas v. State, 368 So.2d 1020 (Ala.Crim.App.1978). In applying this standard, this court will determine only if legal evidence was presented from which the jury could have found the defendant guilty beyond a reasonable doubt. Willis v. State, 447 So.2d 199 (Ala.Crim.App.1983).” ’ ”
Hollaway v. State, 979 So.2d 839, 843 (Ala.Crim.App.2007) (quoting Gavin v. State, 891 So.2d 907, 974 (Ala.Crim.App.2003), quoting in turn Ward v. State, 610 So.2d 1190, 1191 (Ala.Crim.App.1992) (citations omitted) (emphasis added)).
“ ‘In determining the sufficiency of the evidence to sustain the conviction, this Court must accept as true the evidence introduced by the State, accord the State all legitimate inferences therefore, and consider the evidence in the light most favorable to the prosecution.’ Faircloth v. State, 471 So.2d 485, 489 (Ala.Crim.App.1984), affirmed, Ex parte Faircloth, [471 ] So.2d 493 (Ala.1985).
[[Image here]]
“ ‘ “The role of the appellate courts is not to say what the facts are. Our role ... is to judge whether the evidence is legally sufficient to allow submission of an issue for decision to the jury.” Ex parte Bankston, 358 So.2d 1040, 1042 (Ala.1978). An appellate court may interfere with the jury’s verdict only where it reaches “a clear conclusion that the finding and judgment are wrong.” Kelly v. State, 273 Ala. 240, 244, 139 So.2d 326 (1962). ... A verdict on conflicting evidence is conclusive on appeal. Roberson v. State, 162 Ala. 30, 50 So. 345 (1909). “[Wjhere there is ample evidence offered by the state to support a verdict, it should not be overturned even though the evidence offered by the defendant is in sharp conflict therewith and presents a substantial defense.” Fuller v. State, 269 Ala. 312, 333, 113 So.2d 153 (1959), cert. denied, Fuller v. Alabama, 361 U.S. 936, 80 S.Ct. 380, 4 L.Ed.2d 358 (1960).’ Granger [v. State ], 473 So.2d [1137,] 1139 [(Ala.Crim.App.1985) ].”
White v. State, 546 So.2d 1014, 1017 (Ala.Crim.App.1989).
Beecham was indicted and tried under § 13A-10-39(a), Ala.Code 1975, which provides:
“[A] person commits the crime of bail jumping in the first degree if, having been lawfully released from custody, with or without bail, upon condition that he will subsequently appear at the specified time and place in connection -with a charge of his having committed murder or any Class A or Class B felony, he fails to appear at the time and place.”
Beecham contends “that the verdict was contrary to the law because the [S]tate never introduced evidence showing that [Beecham] knew about the trial date of January 3, 20[07], or that he should have known about the date of January 3, 20[07].” (Beecham’s brief, p. 16.)
In Sanders v. State, [Ms. CR-10-1091, Dec. 14, 2012] — So.3d -, - (Ala.Crim.App.2012), this Court stated:
“In any case involving statutory construction, our inquiry begins with the language of the statute, and if the meaning of the statutory language is plain, our analysis ends there. Ex parte Moore, 880 So.2d 1131, 1140 (Ala.2003) (‘ “ ‘The cardinal rule of statutory interpretation is to determine and give effect to the intent of the legislature as manifested in the language of the statute.’ ” ’) *992 (quoting Ex parte Weaver, 871 So.2d 820, 823 (Ala.2003), quoting in turn Ex parte State Dep’t of Revenue, 683 So.2d 980, 983 (Ala.1996)). This Court in De-Kalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 275-76 (Ala.1998), explained:
“ ‘In determining the meaning of a statute, this Court looks to the plain meaning of the words as written by the legislature. As we have said:
“ ‘ “ ‘Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.’ ” ’
“729 So.2d at 275-76 (quoting Blue Cross & Blue Shield v. Nielsen, 714 So.2d 293, 296 (Ala.1998), additional citations omitted). See also 729 So.2d at 276 (explaining that the separation-of-powers doctrine requires a court to use the plain-meaning rule in construing a statute and that ‘only if there is no rational way to interpret the words as stated will [a court] look beyond those words to determine legislative intent’).”
Looking at the plain language of the statute, in order to convict under Alabama’s first-degree bail-jumping statute, the State must prove that a defendant was released “upon condition that he will subsequently appear at the specified time and place.” § 13A-10-39, Ala.Code 1975. The statute requires, under its plain language, that the date and time of the defendant’s reappearance be “specified.” “Specify” is defined as “to name or state explicitly or in detail.” Merriam-Webster’s Collegiate Dictionary 1198 (11th ed. 2003). Likewise, there can be no “condition” to “subsequently appear” if there is no notice of the required appearance. A “condition” is defined as “something essential to the appearance or occurrence of something else.” Merriam-Webster’s Collegiate Dictionary 258. In this case, there is no evidence that January 3, 2007, was a “specified” date on which the defendant was to “appear,” and, further, even if there were such evidence, there was no evidence that either Beecham or his attorney received notice of the January 3, 2007, docket call and hearing date— i.e., the condition that he appear.
Although there is no Alabama caselaw interpreting § 13A-10-39, the commentary to Alabama’s first- and second-degree bail-jumping statutes indicates that the statutes are “derived from the Michigan Revised Criminal Code ... which is derived from the New York Revised Penal Law.” § 13A-10-40, Ala.Code 1975 (commentary). New York’s bail-jumping statute is similar to Alabama’s; the New York statute provides:
“A person is guilty of bail jumping in the first degree when by court order he had been released from custody or allowed to remain at liberty, either upon bail or his own recognizance, upon condition that he will subsequently appear personally in connection with an indictment pending against him which charges him with the commission of a class A or class B felony, and when he does not appear personally on the required date or voluntarily within thirty days thereafter.”
N.Y. Penal Law § 215.57. New York has interpreted this statute to include three elements:
“(1) [that] the defendant was released from custody or allowed to remain at liberty by a court order; (2) [that] the order expressly imposed a condition that the defendant later appear personally in connection with a pending crim *993 inal charge; and (3) [that] the pending charge referred to in the order was an indictment for a class A or B felony.”
People v. Wilder, 98 N.Y.2d 352, 358-59, 690 N.Y.S.2d 483, 712 N.E.2d 652 (1999) (emphasis added).
Under both New York and Michigan law, notice of the appearance date is required in order to convict for bail jumping under the respective statute. See People v. Rorke, 80 Mich.App. 476, 478, 264 N.W.2d 30 (1978) (“No proofs were submitted to the magistrate showing that defendant was given notice of the trial date or that he was otherwise apprised of the trial date and neglected to attend. Thus, the significant issue in this appeal is whether the above-quoted statute requires proof of scienter. We hold that it requires minimal proof of reckless neglect or disregard of a known obligation to appear and defend.”); People v. White, 115 A.D.2d 313, 314, 496 N.Y.S.2d 187, 188 (1985) (“There was overwhelming evidence that defendant had constructive knowledge of the adjourned sentencing date. The date was entered in the official court records. It was uncontradicted that defendant’s counsel, who was present in court on November 4 and November 23, 1981, had knowledge of the sentencing date set for his client.”).
The State argues, however, that the evidence was, in fact, sufficient to sustain Beecham’s conviction.
In support of its contention that the evidence in this matter was, in fact, sufficient to sustain a conviction, the State argues that it
“proved each of the elements of first degree bail jumping. The State adduced testimony from the circuit clerk, supported by documents from Beee-ham’s court file which proved that Beec-ham was scheduled to appear in Houston County Circuit Court for a motion to revoke his bond and a docket call on January 3, 2007 for a trial scheduled in CC 06-616, 617, and 618, on January 11. On each of those dates, Beecham failed to appear for court, and a warrant was issued for his arrest. (C. 6; R. 70, 75, 77, 92)”
(State’s brief, p. 8 (emphasis added).) The State’s argument is problematic on a number of levels.
First, the State’s argument on its face references two different court appearances — one for January 3, 2007, and another for January 11, 2007 — which led to a warrant being issued for Beecham’s arrest for first-degree bail jumping. The date of January 11, 2007, is not mentioned in the indictment on which Beecham was tried. The only date mentioned in the indictment charging Beecham with first-degree bail jumping is January 3, 2007; therefore, only that date is material to this analysis.
Second, the State argues that Beecham was scheduled to appear in the Houston Circuit Court on January 3, 2007, for a docket call and a hearing on a motion to revoke bond and that he failed to appear on that date. The evidence presented during the State’s case-in-chief — which consisted of the certified case-action summary and the testimony of Woodall — makes no such showing.[4]
The certified case-action summary does not reflect that the docket call or a hearing on the State’s motion had been set for any specific date, much less January 3, 2007. The only mention of January 3, 2007, on the case-action summary is an entry noting that Beecham had failed to appear in court *994 on that date and that an alias writ and forfeiture of bond had been ordered. Although that notation on the case-action summary may be evidence that a hearing took place, it is not evidence that Beecham was scheduled to appear, or that he or his attorney had been notified of the court date. Although Woodall testified to the circuit court’s general practice of setting docket calls a week before trial and testified to her general practice of notifying attorneys of a docket call, Woodall did not testify to the specific date of Beecham’s trial — upon which the date of the docket call was contingent — nor did she testify that, in this case, she followed her normal procedures for notifying attorneys of the docket call. In short, Woodall never testified to setting a date for the docket call and hearing, to notifying Beecham or his attorney of the court appearance, or to recording either the scheduling or notification of such scheduling in the records in Beecham’s case.
Under the facts of this case, the State in its case-in-chief failed to adduce sufficient evidence in support of a prima facie case of first-degree bail jumping, and Beecham’s motion was therefore due to be granted at the close of the State’s case. Accordingly, the judgment of conviction is due to be reversed, and a judgment is rendered acquitting Beecham of first-degree bail jumping.
REVERSED AND JUDGMENT RENDERED.
WINDOM, P.J., and WELCH, KELLUM, and BURKE, JJ., concur.

. Beecham was also ordered to pay a $500 fine, a $500 crime victims compensation assessment, attorney fees, and court costs.

. First-degree rape, first-degree sodomy, and first-degree burglary are all class A felonies. See §§ 13A-6-61, 13A-6-63, and 13A-7-5, Ala. Code 1975.

. Testimony offered the following description of a docket call:
"[P]rior to the week of a criminal jury term.... the judge for the case calls their docket for every case set for that week. The attorney announces whether the case will be a trial, whether it will be a guilty plea, whether they’re ready. The State will also announce — it's more or less like a status call. And at that time, the judge will also entertain any guilty pleas that want to be taken or any motions.”
(R. 84.)

. According to the State’s interpretation of the first-degree bailing-jumping statute, a defendant is guilty of the offense when the defendant fails to appear for a hearing that may or may not have been scheduled, and for which he may or may not have received notice; we do not read the statute so broadly.