■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMILIO MATIAS, Appellant.—Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered on or about February 28, 1989, which convicted defendant, upon his plea of guilty, of manslaughter in the first degree and sentenced him to a prison term of 8⅓ to 25 years, unanimously modified, as a matter of discretion in the interest of justice, to reduce the sentence to 5 to 15 years, and otherwise affirmed.

The defendant, who was 41 years old at the time of this incident, had no prior arrest record and since 1982 had been steadily employed as a superintendent of an apartment building. The record discloses that defendant, the father of three children, was a devoted family man and hardworking citizen.

Defendant's conviction arises from the shooting death of Hector Mendez and the wounding of his son Oscar. The Mendezes had a known history of threatening behavior directed at defendant and other tenants of the building, and defendant had complained many times to the police concerning the behavior of the Mendezes. One week before this incident, the police had advised defendant "to protect himself, that they could do nothing about it at this time."

Without minimizing the extreme gravity of the offense of which defendant stands as convicted, it may be noted that this singular incident of violent and unlawful behavior by defendant appears to have been aberrational and not unrelated to fears for his future safety. Indeed, shortly before the incident which resulted in defendant's conviction for manslaughter, the defendant and Oscar Mendez engaged in an argument while standing in the doorway of the Mendez apartment, and defendant observed the father, Hector Mendez, who was with Oscar at the time of the incident, retrieve a revolver from behind a window curtain and placed it in his waistband. Hector Mendez then told defendant "If you touch my son, I'll kill you because twenty years in jail is nothing to me."

Accordingly, in light of the facts surrounding the incident, the defendant's age, background, and future potential, we find the sentence imposed to be excessive to the extent indicated. Concur—Kupferman, J. P., Carro, Rosenberger, Ellerin and Rubin, JJ.