■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE TOMASELLO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered August 17, 1990, convicting him of pro-

moting gambling in the second degree (four counts), upon a jury verdict, and imposing sentence of four concurrent terms of six months imprisonment.

Ordered that the judgment is modified, (1) on the law, by vacating the defendant's convictions of promoting gambling in the second degree on February 20, 1988, as charged in count 34 of the indictment, and on February 23, 1988, as charged in count 35 of the indictment, and dismissing those counts of the indictment; and (2) as a matter of discretion in the interest of justice, by reducing the defendant's sentence on the remaining counts to two concurrent terms of three years probation; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for the imposition of appropriate conditions upon the defendant's probation, including community service, if the court be so advised.

A person is guilty of promoting gambling in the second degree "when he knowingly advances or profits from unlawful gambling activity" (Penal Law § 225.05). One advances gambling activity when, acting other than as a player, he engages in conduct which materially aids any form of gambling activity, including "the solicitation or inducement of persons to participate therein" (Penal Law § 225.00 [4]). A person profits from gambling activity when, other than as a player, he accepts or receives money or other property pursuant to an agreement or understanding with a person whereby he participates or is to participate in the proceeds of gambling activity (see, Penal Law § 225.00 [5]). When viewed in the light most favorable to the People (see, People v Contes, 60 NY2d 620), the evidence supports the jury's finding that on February 4 and 17, 1988, the defendant, for personal profit, advanced the gambling activities conducted by Fred Becker and Frank Celi (see, People v Becker, 189 AD2d 881 [decided herewith]). The audiotapes and other evidence established beyond a reasonable doubt that the defendant shared the codefendant Becker's criminal intent as an accessory, when he referred "Kevin" to the gambling enterprise, as well as when, on February 4 and 17, 1988, "Kevin" placed bets naming "Sal" (the defendant) as his "sheet writer," entitling the defendant to a commission on all of Kevin's losing bets. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt with respect to those two counts is not against the weight of the evidence (see, CPL 470.15 [5]).

We agree with the defendant that the gambling records recovered from the codefendants Becker and Brady, which implicated him as a "sheet writer" in the Becker-Celi gam-

bling enterprise, were hearsay as to him, and were admitted with respect to him without an adequate foundation. However, any error in the admission of those records was harmless because of the overwhelming independent evidence of the defendant's guilt (see, *People v Passero*, 83 AD2d 769). This evidence included an audiotape of the defendant introducing a new customer to Becker, in exchange for Becker's promise to "do the same thing we did before", an agreement interpreted by the People's gambling expert, Detective Hill, to mean that the defendant would receive a "commission" for the referral.

However, the evidence does not support the defendant's conviction of promoting gambling in the second degree on February 20 and 23, 1988. On those two dates the audiotapes feature the defendant telephoning in his own wagers. However, it is not a crime for an individual to place a bet (see, *People v Bright*, 203 NY 73). Although the defendant was charged under an acting-in-concert theory, the proof does not meet the requirements for accessorial liability on February 20 and 23, 1988, because an accessory is required to share the intent of the principal actor in order to be held liable for the crime of the principal actor (see, Penal Law § 20.00; *People v La Belle*, 18 NY2d 405; *People v La Coot*, 118 AD2d 660). A person is not liable as an accessory for the conduct of another person when his own conduct, though causing or aiding the commission of the offense, is of a kind that is necessarily incidental thereto (see, Penal Law § 20.10)—as the placing of bets is incidental to the criminal activities of the bookmaker.

There is no merit to the defendant's claim that his trial counsel was ineffective. The Constitution does not guarantee a defendant flawless representation—only counsel that is adequate or effective in any meaningful sense of the word (see, *People v Emmons*, 123 AD2d 475, 477). The defense counsel at bar demonstrated more than reasonable competence. He knew his client's case well, cross-examined the People's witnesses competently, usually objected when appropriate, and displayed an adequate knowledge of the principles of criminal law (see, *People v Berard*, 112 AD2d 470, 471). In addition, he employed a sound trial strategy (see, *People v Satterfield*, 66 NY2d 796, 799-800), and ensured that his client received a fair trial (see, *People v Benn*, 68 NY2d 941; *People v Baldi*, 54 NY2d 137; *People v Aiken*, 45 NY2d 394; *People v Lawton*, 134 AD2d 454; *People v Smith*, 115 AD2d 304; *People v Harris*, 109 AD2d 351).

However, in view of the defendant's lack of a criminal record, his limited involvement with the gambling operation,

and the other facts and circumstances of this case, the defendant's sentence is reduced in the interest of justice to two concurrent terms of three years probation, and the matter is remitted to Supreme Court, Suffolk County, for the imposition of appropriate conditions *(see, People v Matias,* 161 AD2d 292; *People v Diaz,* 118 AD2d 651; *People v Notey,* 72 AD2d 279, 282).

We have examined the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Lawrence, Eiber and Copertino, JJ., concur.