■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD BEAUFORT-CUTNER, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the suppression court erred by conducting the first day of the *Wade* hearing in his absence. The hearing was held over the course of three days. Prior to taking proof on the first day, defense counsel informed the court that defendant was going to be absent because counsel, in "appraising" the situation, "felt it was in his [defendant's] best interest that he not be present". Thereafter, defense counsel submitted an affidavit from defendant in which defendant recited that he was advised of the nature and purpose of the proceedings by counsel, that he understood that his absence would prevent him from assisting in his own defense at the hearing and that he waived his right to be present. Upon its receipt, the suppression court questioned defendant to ascertain whether he fully understood his rights *(see, People v Sanchez,* 65 NY2d 436). Another affidavit, filed after completion of the hearing, and a further inquiry by the court were to the same effect. Under the

circumstances, we conclude that the record supports the suppression court's determination that defendant knowingly, intelligently and voluntarily waived his presence at the *Wade* hearing *(see, People v Parker,* 57 NY2d 136; *see also, People v Chiarenza,* 163 AD2d 900, *lv denied* 76 NY2d 892).

Because defendant's theory that he was framed was not supported by a reasonable view of the evidence, the court did not err in refusing to charge that defense *(see, People v Butts,* 72 NY2d 746, 750). Although less than ideal, the court's marshalling of the evidence and its accompanying instructions did not deprive defendant of a fair trial *(see, People v Saunders,* 64 NY2d 665, 667; *People v Culhane,* 45 NY2d 757, 758, *cert denied* 439 US 1047; *cf., People v Koschtschuk,* 119 AD2d 994, 995-996).

It was error for the court to admit as a business record a document prepared by a secretary of defendant's former employer concerning the serial numbers of handcuffs distributed to defendant. The foundation for that evidence was inadequate in that there was no proof that the record was contemporaneously made at the time of the act or transaction *(see,* CPLR 4518 [a]; *People v Mertz,* 68 NY2d 136, 147). However, because of the overwhelming circumstantial proof linking defendant to the handcuffs used in the commission of this crime, the error was harmless.

The jury's verdict was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). We conclude that the notes found in defendant's office should have been suppressed because the five-month-old information upon which that aspect of the search warrant was issued was too stale to provide probable cause. We reach a contrary conclusion concerning the ammunition and handcuffs, which were seized pursuant to the same warrant *(see, People v Christopher,* 101 AD2d 504, 527, *revd on other grounds* 65 NY2d 417, *rearg denied* 65 NY2d 1054). Because defendant's proof of guilt was so overwhelming, we conclude that any error caused by admission of the notes into evidence was harmless beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230, 237).

We discern no basis to disturb the sentence imposed by the court. Although the sentence imposed was lengthy, the crimes committed by defendant were very serious. It was within the sentencing court's discretion to impose consecutive terms of imprisonment on the two attempted murder convictions in that they constituted separate successive acts *(see,* Penal Law § 70.25 [2]; *see also, People v Brown,* 80 NY2d 361; *People v Brathwaite,* 63 NY2d 839). Although defendant's aggregate

sentence is deemed by statute to be 25 to 50 years, modification of the judgment of conviction is not warranted *(see,* Penal Law § 70.30 [1] [c] [iii]). The statutory calculation shall be made by the Department of Correctional Services *(see, People v Bachman,* 158 AD2d 930, *lv denied* 75 NY2d 963).

The record supports the suppression court's determination that defendant was not in custody at the time he made certain pretrial statements to police *(see, People v Yukl,* 25 NY2d 585, 589, *mot to amend remittitur denied* 26 NY2d 845, *rearg denied* 26 NY2d 883). There is no merit to defendant's contention that the widespread media publicity surrounding his arrest tainted the identification procedures. The publicity occurred without police involvement *(see, People v Darnell,* 146 AD2d 583, 584, *lv denied* 73 NY2d 976).

We have considered the remaining contentions raised in defendant's *pro se* brief and find them to be without merit. (Appeal from Judgment of Supreme Court, Erie County, Kubiniec, J.—Attempted Murder, 2nd Degree.) Present—Denman, P. J., Pine, Balio, Fallon and Davis, JJ.