■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER HUNTER, Appellant. [772 NYS2d 843]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flaherty, J.), rendered October 17, 2002, convicting him of bail jumping in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence was legally insufficient to support his conviction of bail jumping in the second degree because the proof was inadequate to establish that he was released on bail upon condition that he should subsequently appear personally in connection with the charge against him (*see* Penal Law § 215.56). This challenge to the legal sufficiency of the evidence is unpreserved for appellate review since he did not advance this contention at trial (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should

not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Santucci, J.P., Krausman, Luciano and Townes, JJ., concur.