THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN REYES-PAREDES, Appellant. [787 NYS2d 793]—

Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), rendered August 15, 2002. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]), defendant contends that Supreme Court erred in instructing the jury with respect to its assessment of the credibility of a witness who was a police informant. We reject that contention and conclude that, when viewed in their entirety, the court's instructions in that respect were proper (*see generally People v Samuels*, 99 NY2d 20, 25-26 [2002]). We further reject the contention of defendant that the court erred in denying his motion for a mistrial based on the testimony of a prosecution witness in violation of the court's *Molineux* ruling. "Any prejudice to defendant that might have arisen from the mention of uncharged criminal activity was alleviated when [the c]ourt sustained defendant's objection and gave prompt curative instructions to the jury" (*People v Brooks*, 213 AD2d 999, 999 [1995], *lv denied* 85 NY2d 970 [1995]). We note in addition that, following the court's curative instructions, defendant neither objected further nor sought a mistrial, and thus the curative instructions must be deemed to have corrected the error to defendant's satisfaction (*see id.*).

Defendant further contends that the court erred in denying his motion for a mistrial on the ground that the police destroyed records of telephone calls made to and from the apartment where he allegedly delivered cocaine. We reject that contention. Here, there is no "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different" (*People v Wright*, 86 NY2d 591, 597 [1995]). Finally, the sentence is not unduly harsh or severe. Present—Green, J.P., Gorski, Martoche, Lawton and Hayes, JJ.