■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS DE STEFANO, Appellant. [814 NYS2d 768]—

Carpinello, J. Appeals (1) from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered December 3, 2003, upon a verdict convicting defendant of the crime of bail jumping in the second degree and upon his plea of guilty of the crime of grand larceny in the third degree, and (2) by permission, from an order of said court, entered April 27, 2005, which denied defendant's motion pursuant to CPL article 440 to vacate the judgment of conviction and to set aside the sentence, without a hearing.

Following a jury trial, defendant was found guilty of bail jumping in the second degree as a result of his having absconded to Canada after he was arrested on certain felonies and posted bail. After this trial, defendant pleaded guilty to grand larceny in the third degree in satisfaction of a nine-count indictment charging this crime, as well as various counts and degrees of welfare fraud, forgery and offering a false instrument. He was sentenced to consecutive prison terms of $1^1/_3$ to 4 years on the bail jumping count and 2 to 6 years on the grand larceny count. A subsequent CPL article 440 motion was denied, without a hearing. He now appeals from the judgment of conviction and, by permission, from the order denying his CPL article 440 motion.

We reject defendant's argument that the evidence was legally insufficient to sustain the bail jumping conviction. It was established at trial that defendant was released on cash bail on June 28, 2002 following his arrest on forgery and grand larceny charges. He appeared for a July 10, 2002 Town Court appearance with his attorney and the matter was adjourned to July 24, 2002. Despite being directed by the local town justice to return to court on this adjourned date, he did not do so. The matter was transferred to County Court and thereafter the nine-count indictment was handed up and an arrest warrant issued. An arraignment was scheduled for September 5, 2002. Defendant did not appear for this proceeding either.

Defendant's attorney testified at trial that he had contact with defendant between three and six times after he posted bail

and that his last contact with him was on July 22, 2002.* According to this attorney, he made repeated attempts to contact defendant after his missed appearance in Town Court and upon being notified of the scheduled arraignment, to no avail. Specifically, the attorney wrote defendant several letters (at least one of which was sent by certified mail), called his home and cellular telephones and had a letter posted on his front door.

In addition, defendant failed to show up for work after July 23, 2002, although scheduled to do so, and never contacted anyone at his employment to explain his absence. A termination letter, which included his final payment, was twice mailed to his address but returned each time. Moreover, according to a detective with the Sullivan County Sheriff's Department, after the arrest warrant was issued, he went to defendant's home on several occasions in an attempt to locate him, directed other law enforcement personnel to check for him there and also checked his post office box for any forwarding address. None of these efforts were successful in locating defendant. In February 2003, defendant was discovered in Canada and ultimately extradited back to Sullivan County.

Viewing the evidence in a light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]; *People v Hunter*, 5 AD3d 607 [2004], *lv denied* 2 NY3d 801 [2004]), we find that it is sufficient to establish defendant's guilt of bail jumping in the second degree beyond a reasonable doubt (*see* Penal Law § 215.56), even in the absence of direct proof that he actually received notice of the arraignment date (*see People v Halm*, 256 AD2d 630, 631 [1998], *lv denied* 92 NY2d 1049 [1999]; *People v Santangelo*, 194 AD2d 924, 924-925 [1993], *lv denied* 82 NY2d 726 [1993]; *People v White*, 115 AD2d 313, 314 [1985]; *see also People v Wilder*, 93 NY2d 352, 358-360 [1999]). Moreover, while it was error for County Court to admit bank records establishing that defendant utilized a Canadian address and opened a back account in that country, the error was harmless since otherwise admissible evidence independently established that defendant was found in Canada which, along with the other proof adduced, overwhelmingly established his guilt (*see e.g. People v Singleton*, 291 AD2d 869 [2002], *lv denied* 98 NY2d 640 [2002]; *People v Beaufort-Cutner*, 190 AD2d 992, 993 [1993], *lv denied* 81 NY2d 1011 [1993]; *People v Tomasello*, 189 AD2d 903, 904-905 [1993]; *see also People v Crimmins*, 36 NY2d 230 [1975]).

---

\* We are satisfied that no confidential communication was disclosed during the testimony of defendant's former attorney such that his testimony violated the attorney-client privilege (*see Matter of Priest v Hennessy*, 51 NY2d 62 [1980]).

Next, while trial counsel did unsuccessfully request that bail jumping in the third degree be charged as a lesser included offense, he thereafter voiced no objection to County Court's instruction on the elements of bail jumping in the second degree. Thus, defendant's argument that the court omitted "an essential element" from this charge, namely, that the People had to prove beyond a reasonable doubt that defendant was aware that he had to be in court for his arraignment, is unpreserved for review (*see* CPL 470.05 [2]). Review in the interest of justice is unwarranted as we perceive no error in the charge.

Defendant's remaining contentions, including the claims that he was denied the effective assistance of counsel and that his bail jumping sentence should be modified to run concurrently with his grand larceny sentence, have been reviewed and rejected.

Cardona, P.J., Spain, Rose and Kane, JJ., concur. Ordered that the judgment and order are affirmed.