# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**734**

**KA 11-01654**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

DEREK MCIVER, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (JAMES R. GARDNER OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered August 1, 2011. The judgment convicted defendant, upon a jury verdict, of promoting prison contraband in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of promoting prison contraband in the first degree (Penal Law § 205.25 [2]), defendant contends that the evidence of his possession of the dangerous contraband is legally insufficient to support the conviction. We reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that the evidence is legally sufficient to establish that defendant constructively possessed the weapon in question by exercising dominion and control over the area from which the weapon was seized (*see* § 10.00 [8]; *People v Gayle*, 53 AD3d 857, 859, *lv denied* 11 NY3d 832; *see generally People v Manini*, 79 NY2d 561, 573).

With respect to defendant's further contention that he was deprived of a fair trial by prosecutorial misconduct during summation, we conclude that " 'the prosecutor [did not] vouch for the credibility of the People's witnesses. Faced with defense counsel's focused attack on their credibility, the prosecutor was clearly entitled to respond by arguing that the witnesses had, in fact, been credible . . . An argument by counsel that his [or her] witnesses have testified truthfully is not vouching for their credibility' " (*People v Roman*, 85 AD3d 1630, 1632, *lv denied* 17 NY3d 821; *see People v Mendez*, 80 AD3d 523, 524, *lv denied* 16 NY3d 861; *People v Ruiz*, 8 AD3d 831, 832, *lv denied* 3 NY3d 711). In any event, the two comments challenged by

defendant were not so egregious as to deny defendant a fair trial (*see People v Lyon*, 77 AD3d 1338, 1339, *lv denied* 15 NY3d 954; *People v Pringle*, 71 AD3d 1450, 1451, *lv denied* 15 NY3d 777; *People v White*, 291 AD2d 842, 843, *lv denied* 98 NY2d 656).

Finally, we conclude that the sentence is not unduly harsh or severe.

Entered:  June 14, 2013                                    Frances E. Cafarell
                                                          Clerk of the Court