# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1036

KA 12-02194

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

BRYON M. IELFIELD, DEFENDANT-APPELLANT.

---

JOHN J. RASPANTE, UTICA, FOR DEFENDANT-APPELLANT.

LEANNE K. MOSER, DISTRICT ATTORNEY, LOWVILLE, D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Lewis County (Charles C. Merrell, J.), rendered March 30, 2012. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of sexual abuse in the first degree (Penal Law § 130.65 [3]), and endangering the welfare of a child (§ 260.10 [1]), arising from an incident involving hand-to-penis contact with his eight-year-old daughter. Defendant first contends that reversal is required based on several instances of prosecutorial misconduct, including shifting the burden of proof, introducing evidence of uncharged crimes, and vouching for the credibility of the witnesses. Defendant objected to the prosecutor's attempt to introduce evidence of uncharged crimes, and to the prosecutor's attempt to discuss that evidence during summation. " 'Any prejudice to defendant that might have arisen from the mention of uncharged criminal activity was alleviated when [Supreme Court] sustained defendant's objection and gave prompt curative instructions to the jury' " regarding both the question concerning such criminal activity and the purported reference to it during summation (*People v Reyes-Paredes*, 13 AD3d 1094, 1095, *lv denied* 4 NY3d 802; *see People v Yontz*, 116 AD3d 1242, 1244, *lv denied* 23 NY3d 1026; *People v Garcia*, 33 AD3d 1050, 1051, *lv denied* 9 NY3d 844). We note in any event that, "[f]ollowing the [court's] curative instructions, defense counsel neither objected further, nor [renewed his request for] a mistrial. Under these circumstances, the curative instructions must be deemed to have corrected the error[s] to the defendant's satisfaction" (*People v Heide*, 84 NY2d 943, 944).

Contrary to defendant's contention, the prosecutor did not make

comments on summation that shifted the burden of proof.  In any event, even assuming, arguendo, that the prosecutor did so, we conclude that the comment at issue was "not so . . . egregious as to deny defendant a fair trial" (*People v Rogers*, 103 AD3d 1150, 1153-1154, *lv denied* 21 NY3d 946).  We also note that "the court clearly and unequivocally instructed the jury that the burden of proof on all issues remained with the prosecution" (*People v Pepe*, 259 AD2d 949, 950, *lv denied* 93 NY2d 1024; *see People v Page*, 105 AD3d 1380, 1382, *lv denied* 23 NY3d 1023).

Defendant failed to preserve for our review his contention that the prosecutor engaged in misconduct during summation by vouching for the credibility of the witnesses.  In any event, we conclude with respect to the majority of defendant's contentions in this respect that " 'the prosecutor [did not] vouch for the credibility of the People's witnesses.  Faced with defense counsel's focused attack on their credibility, the prosecutor was clearly entitled to respond by arguing that the witnesses had, in fact, been credible . . . An argument by counsel that his [or her] witnesses have testified truthfully is not vouching for their credibility' " (*People v Roman*, 85 AD3d 1630, 1632, *lv denied* 17 NY3d 821; *see People v McIver*, 107 AD3d 1591, 1592, *lv denied* 22 NY3d 997).  With respect to the sole instance in which the prosecutor "expressed his personal belief on matters which may influence the jury" (*People v Paperno*, 54 NY2d 294, 300), we conclude that reversal is not required because those "comments did not 'demonstrate a persistent egregious course of conduct that was deliberate and reprehensible' . . . [and did not] deprive the defendant of a fair trial" (*People v Barnes*, 33 AD3d 811, 812, *lv denied* 8 NY3d 843).

Defendant failed to preserve for our review the remainder of his contentions concerning alleged prosecutorial misconduct during summations inasmuch as he failed to object to the alleged additional instances of misconduct (*see* CPL 470.05 [2]; *People v Stoutenger*, 121 AD3d 1496, 1498, *lv denied* 25 NY3d 1077).  In any event, we conclude that the allegedly improper comments were " 'a fair response to defense counsel's summation, and/or a fair comment on the evidence' " (*People v Ross*, 118 AD3d 1413, 1417, *lv denied* 24 NY3d 964; *see People v Santiago*, 101 AD3d 1715, 1716, *lv denied* 21 NY3d 946), and that " '[a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial' " (*People v Jackson*, 108 AD3d 1079, 1080, *lv denied* 22 NY3d 997).

Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  The victim's testimony was not "so inconsistent or unbelievable as to render it incredible as a matter of law" (*People v Black*, 38 AD3d 1283, 1285, *lv denied* 8 NY3d 982).  Any inconsistencies in the victim's testimony or variances between her testimony and that of the other witnesses merely presented issues of credibility for the jury to resolve (*see People v Witherspoon*, 66 AD3d

1456, 1457, *lv denied* 13 NY3d 942), and we see no basis for disturbing the jury's credibility determinations in this case.

We reject defendant's further contention that he was deprived of effective assistance of counsel by his attorney's failure to move to suppress a photograph depicting a sex act, which was found on a cell phone that was seized pursuant to a search warrant. "*People v Turner* (5 NY3d 476 [2005]) . . . stands for the proposition that a single failing in an otherwise competent performance may, in a rare case, be so egregious and prejudicial as to deprive a defendant of his constitutional right to effective legal representation . . . To rise to that level, the omission must typically involve an issue that is so clear-cut and dispositive that no reasonable defense counsel would have failed to assert it, and it must be evident that the decision to forgo the contention could not have been grounded in a legitimate trial strategy" (*People v Keschner*, 25 NY3d 704, 723 [internal quotation marks omitted]). Here, defendant has failed to demonstrate that he had a clear-cut right to suppression of the evidence. Furthermore, we note that defense counsel extensively and effectively used the photograph in attempting to impeach the credibility of a witness, and thus defendant also failed to "demonstrate the absence of strategic or other legitimate explanations" for defense counsel's allegedly deficient performance (*People v Rivera*, 71 NY2d 705, 709). The evidence, the law, and the circumstances of this case, viewed in totality and as of the time of representation, establish that defense counsel provided meaningful representation (*see generally People v Stultz*, 2 NY3d 277, 283-284, *rearg denied* 3 NY3d 702; *People v Baldi*, 54 NY2d 137, 147).

Finally, the sentence is not unduly harsh or severe.

Entered:  October 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court