# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**983**

**KA 11-01389**

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

JEFFREY HOUGHTALING, DEFENDANT-APPELLANT.

---

CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.

JEFFREY HOUGHTALING, DEFENDANT-APPELLANT PRO SE.

R. MICHAEL TANTILLO, SPECIAL PROSECUTOR, CANANDAIGUA, FOR RESPONDENT.

---

Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered July 6, 2010. The judgment convicted defendant, upon a jury verdict, of bail jumping in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of bail jumping in the second degree (Penal Law § 215.56). The evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to support the conviction. Contrary to defendant's contention, the People were not required to prove that defendant received notice of the trial date inasmuch as "the crime of bail jumping does not require proof of any culpable mental state" (*People v White*, 115 AD2d 313, 314). In any event, the evidence established that defendant had constructive knowledge of the trial date (*see id.*). We therefore conclude that the People met their burden of presenting legally sufficient evidence to establish defendant's guilt "even in the absence of direct proof that he actually received notice of the [trial] date" (*People v De Stefano*, 29 AD3d 1030, 1031). Furthermore, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We reject defendant's contention that County Court erred in refusing to grant a mistrial when the prosecutor elicited testimony from a witness in violation of the court's *Molineux* ruling. " 'Any prejudice to defendant that might have arisen from the mention of uncharged criminal activity was alleviated when [the c]ourt sustained defendant's objection and gave prompt curative instructions to the

jury' " (*People v Reyes-Paredes*, 13 AD3d 1094, 1095, *lv denied* 4 NY3d 802). Contrary to defendant's further contention, the court properly concluded that it was not required to entertain his pro se motion to dismiss the indictment because at the time defendant made the motion he was represented by counsel (*see People v Rodriguez*, 95 NY2d 497, 501-502) and, in any event, there is no indication in the record that the motion was properly filed in accordance with the requirements of CPL 255.20 (1).

We reject defendant's contention that trial counsel was ineffective in stipulating to the admission of transcripts from the trial at which defendant failed to appear. "[D]efendant has not demonstrated 'the absence of strategic or other legitimate explanations for [defense] counsel's' stipulation" (*People v Johnson*, 30 AD3d 1042, 1043, *lv denied* 7 NY3d 790, *reconsideration denied* 7 NY3d 902, quoting *People v Rivera*, 71 NY2d 705, 709). We also reject defendant's contention that defense counsel was ineffective in moving to set aside the verdict pursuant to CPL 330.30 on the ground that it was not supported by the weight of the evidence. Although we agree with defendant that the motion was without merit inasmuch as trial judges are not authorized to set aside a verdict on that ground (*see People v Carter*, 63 NY2d 530, 536; *People v Lleshi*, 100 AD3d 780, 780, *lv denied* 20 NY3d 1012), defendant was not thereby denied a fair trial (*see generally People v Flores*, 84 NY2d 184, 188-189). The record belies defendant's contention that defense counsel was otherwise ineffective (*see generally People v Demus*, 82 AD3d 1667, 1668, *lv denied* 17 NY3d 815).

Finally, defendant's contention in his main and pro se supplemental briefs that the court should have recused itself is not properly before us inasmuch as it is based upon "facts . . . developed in connection with defendant's [renewed] motion to vacate the conviction pursuant to CPL 440.10, but defendant did not obtain permission to appeal from the order denying that motion" (*People v Russin*, 277 AD2d 880, 881).

Entered: November 10, 2016                          Frances E. Cafarell
                                                    Clerk of the Court